19-1499
*Saraswat v. Jayaraman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of April, two thousand twenty.

PRESENT:
>        RICHARD C. WESLEY,
>        SUSAN L. CARNEY,
>        STEVEN J. MENASHI,
>                *Circuit Judges.*

_____

AJAY SARASWAT,

>        *Plaintiff-Appellant,*

>                v.                                                                No. 19-1499

SELVA JAYARAMAN, BUSINESS INTEGRA, INC.,
PRATIBHA RAMDOSS, JAGAN PARATHASARATHY,

>        *Defendants-Appellees.*\*

_____

FOR PLAINTIFF-APPELLANT:                    Michael James Confusione, Hegge &
                                            Confusione, LLC, Mullica Hill, NJ.

_____

\* The Clerk of Court is directed to amend the caption as above.

FOR DEFENDANTS-APPELLEES:  Patrick Papalia, Bruce Gorman, Jr., Archer & Greiner, P.C., New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 26, 2019, is **AFFIRMED**.

Plaintiff-Appellant Ajay Saraswat ("Saraswat") appeals from the judgment of the District Court (Chen, *J.*) granting the motion of Defendants-Appellees Business Integra, Inc. ("BI"), Selva Jayaraman, Pratibha Ramdoss, and Jagan Parathasarathy (together, "Defendants") for summary judgment under Federal Rule of Civil Procedure 56. Jayaraman, Ramdoss, and Parathasarathy were, during the relevant times, employees of BI, a corporation headquartered in Greenbelt, Maryland.

In March 2007, when Saraswat, an Indian national resident in New York, was a student at Brooklyn Polytechnic Institute in Brooklyn, New York, Defendants offered Saraswat employment at BI. Saraswat entered into two separate contracts with BI. The first arrangement proposed, prior to BI obtaining an H-1B visa on behalf of Saraswat, was that Saraswat would work as a consultant for other companies and keep 70% of his billings, paying a 30% margin to BI. The objective for Saraswat was legal work in the United States, and for BI, financial gain.

Saraswat signed BI's offer letter. Defendants then sponsored Saraswat in an application for an H-1B visa, an immigration status available to certain skilled foreign nationals. While the H-1B visa application was pending, Defendants provided Saraswat with consulting job opportunities and asked Saraswat to apply for those positions. The record includes no evidence that Saraswat did so. After their H-1B application on his behalf was approved by the government in September 2007, Defendants offered Saraswat a salaried position with BI. Saraswat accepted this offer in October 2007. The record contains no evidence, however, that Saraswat ever worked for or was paid by BI or the individual

2

Defendants at any time between his acceptance of the offer and over two years later, in November 2009, when Defendants terminated their sponsorship of his H-1B visa, ending his legal work status under the H-1B program.

Saraswat claims that, during this period of more than two years, Defendants interfered with his attempts to accept employment with other entities by refusing to "transfer" his H-1B visa, provide certain immigration documents, and produce pay stubs. Appellant's Br. at 16. He argued before the District Court and presses the point again on appeal that, in taking these actions, Defendants violated certain civil provisions of the Trafficking Victims Protection Reauthorization Act of 2005 (TVPRA), Pub. L. No. 109-164, 119 Stat. 3558, 3558 (2006). The District Court awarded summary judgment to Defendants on these claims.

On appeal, Saraswat challenges in particular the District Court's grant of summary judgment for Defendants on his civil claims under 18 U.S.C. §§ 1589 (entitled "Forced labor") and 1594(a) (attempted forced labor); and under 18 U.S.C. § 1592 (entitled "Unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor"). Section 1595 provides a civil damages remedy for violations of these sections. *Id.* § 1595.

When reviewing a district court's grant of summary judgment, "we draw all factual inferences in favor of the nonmoving party and review the matter *de novo*." *Davis v. Blige*, 505 F.3d 90, 97 (2d Cir. 2007). Applying this standard, we affirm the District Court's dismissal of Saraswat's TVPRA claims, substantially for the reasons stated by the court in its memorandum and order.

First, we see no error in the District Court ruling on Saraswat's claim under section 1589 because Saraswat failed "to show that he actually engaged in 'labor' or 'services' for Defendants or from which Defendants benefitted." *Saraswat v. Bus. Integra, Inc.*, No. 15-cv-4680, 2019 WL 1865193, at *8 (E.D.N.Y. Apr. 25, 2019) (quoting 18 U.S.C. § 1589(a)). Second, summary judgment for Defendants was proper on Saraswat's attempted forced labor claim under section 1594(a) because Saraswat adduced insufficient evidence showing

3

that Defendants had the intent requisite to support liability. Third, we agree with the District Court that Saraswat's claim under section 1592, alleging unlawful conduct with respect to documents, lacked merit for two reasons. First, three of Saraswat's claims of this type were precluded because until December 23, 2008, after the relevant incidents alleged here, no civil remedy was available for violations of section 1592. *See* Pub. L. No. 110-457, Title II, § 221(2), 122 Stat. 5044, 5067 (2008). We held in *Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012), that the civil cause of action made available with the 2003 revision to the TVPRA "does not apply retroactively," and we see no reason why a different conclusion would apply to the cause of action under section 1592 added in 2008. Second, no evidence substantiated the remaining alleged violation.

\* \* \*

We have considered all of Saraswat's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4